IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Criminal Action No. 3:11-cr-54-02

JOSEPHINE ARTILLAGA ADAMS,

      Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE BE DENIED

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Venue.[1] The Court held an evidentiary hearing and argument on all pretrial motions, including Defendant's Motion to Dismiss for Lack of Venue, on October 31, 2011. The United States of America (hereinafter "the Government") appeared by William J. Ihlenfeld II, in person, and Michael D. Stein, in person. Defendant filed a Motion to Appear via Telephone, but after consultation with counsel for both parties, the Court determined that the evidentiary hearing and argument would be focused solely on issues of law, therefore her appearance was excused under Federal Rule of Criminal Procedure 43(b)(3). The Defendant, therefore, did not appear in person, but appeared through her counsel, Brendan S. Leary, in person, and Nicholas J. Compton, by video. No other testimony was taken nor was any other evidence adduced.

---

[1]Dkt. No. 32.

# I. Introduction

A. Background and Facts

Although this case has a much longer history which includes an investigation of Barton Joseph Adams that began in 2006, a criminal complaint and indictment filed in 200, and a superseding indictment brought in 2010, among other events, the facts pertinent to the instant motions are as follows: on September 7, 2011, Defendant Josephine Artillaga Adams was named in a sixteen-count indictment charging her with one count of conspiracy to obstruct an official proceeding, more specifically a health care fraud investigation conducted by the Department of Health and Human Services, and attempt to do so in violation of 18 U.S.C. § 371 and 18 U.S.C. 1512(c)(2); one count of conspiracy to obstruct and impede the due administration of justice, more specifically a judicial proceeding initiated by filing of a criminal complaint in case number 3:08-MJ-31, and endeavor to do so in violation of 18 U.S.C. § 371 and 18 U.S.C. 1503(a); and fourteen counts of aiding and abetting the obstruction of justice and attempt to do so in violation of 18 U.S.C. §§ 2, 1503(a) and 1512(c)(2). On September 20, 2011, an Initial Scheduling Order required Defendant to file any pretrial motions by October 3, 2011 and the Government to file any responses by October 12, 2011. After two Orders granting motions for extensions of time, the instant pretrial motions came before the Court for evidentiary hearing and argument.

B. The Motion

    1. Defendant's Motion to Dismiss for Lack of Venue.

C. Decision

Because the prosecution was brought in the same district as the judicial proceeding Defendant sought to affect, and because overt acts in furtherance of the conspiracy charges

occurred in this district, I recommend Defendant's Motion to Dismiss for Lack of Venue be **<u>DENIED</u>**.

## II. Motion to Dismiss for Lack of Venue

A.  <u>Contentions of the Parties</u>

Defendant contends that venue is not proper the Northern District of West Virginia because the elements of the offenses set forth in the indictment were not committed here. Defendant argues that the court must determine the conduct that constituted the crimes, and the location of that conduct, and that here, the acts related to the alleged conspiracy to obstruct the Department of Health and Human Services investigation, the acts related to the conspiracy to obstruct the pending judicial proceeding initiated via criminal complaint, and the acts related to the substantive counts of obstruction of justice, which stem from specific financial transactions, did not occur in the Northern District, but rather occurred in the Southern District of West Virginia, where Dr. Adams had his practice, or in Reston, Virginia, where Dr. Adams and Defendant were living at the time of the judicial proceeding.

The Government contends that as to the obstruction of justice counts for violations of 18 U.S.C. 1503 and 18 U.S.C. 1512, venue is statutory, and accordingly venue is proper where the official proceeding was intended to be affected. Since the Northern District is the place where the underlying proceedings were instituted, the Government maintains venue lies here. Furthermore,
the Government contends that the conspiracy counts are properly brought in the Northern District of West Virginia because they each allege that at least one act committed in furtherance of the conspiracy took place in the Northern District of West Virginia.

3

The Court is thus called upon to make a determination on whether venue properly lies in this district. The Federal Rules of Criminal Procedure provide guidance as to where proper venue lies. Rule 18 states that "[u]nless a statute or these Rules permit otherwise, the Government must prosecute an offense in a district where the offense was committed." According to Rule 18, then, while Defendant is correct in citing United States v. Bowens, 224 F.3d 302 (4th Cir. 2000) and United States v. Rodriguez-Moreno, 526 U.S. 275 (1999) for the general proposition that the Court must identify the conduct constituting the offense and the location of the commission of the criminal acts for the purposes of determining venue, this general proposition only applies where the relevant criminal statutes contain no venue provisions. In contrast, the criminal statute applicable to the instant obstruction charges directly specifies how to determine the place of the offense of the purposes of venue. Here, 18 U.S.C. § 1512(i) provides that "[a] prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected." Therefore, this Court does not have to engage in a two-part inquiry to determine the place where the crime was committed. See United States v. Ridings, No. 5:08-cr-1, 2009 WL 36764, at *2 (N.D. W.Va. Jan. 6, 2009). Because neither party disputes that the official proceeding intended to be obstructed was brought here, by statute venue is proper here. Accordingly, Defendant's motion to dismiss for improper venue as to the obstruction charges must be denied.

As to Defendant's claims of improper venue as to the conspiracy charges, as a general rule, Article III of the Constitution mandates that the trial of a crime be held in the state where the crime was committed. U.S. Const. art III, § 2, cl. 3 ("The Trial of all Crimes...shall be held in

4

the State where the said Crimes shall have been committed."); Ridings, 2009 WL 36764, at *2. The Sixth Amendment also works to protect a criminal defendant's right to a speedy trial "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI; Id. Where a conspiracy charge is at issue, however, venue is proper in any district in which some act in furtherance of the conspiracy was committed. United States v. Moussaoui, 591 F.3d 263, 300 (4th Cir. 2010); United States v. Bowens, 224 F.3d 302, 311 n.4 (4th Cir. 2000)("venue is proper for all defendants wherever the agreement was made or wherever any act in furtherance of the conspiracy transpires.").

Here, the indictment alleges the necessary conspiracy-related activity needed to justify venue in the Northern District of West Virginia. In count one, the indictment alleges that "[o]n or about November 24, 2008, with a defendant's authorization, an ATM withdrawal was made in Martinsburg, West Virginia, of five hundred ($500) dollars from defendant Josephine Artillaga Adams' account at JP Morgan Chase." Count 1, ¶ 6(l). In count two, the indictment alleges the same, that "[o]n or about November 24, 2008, with a defendant's authorization, an ATM withdrawal was made in Martinsburg, West Virginia, of five hundred ($500) dollars from defendant Josephine Artillaga Adams' account at JP Morgan Chase." Count 2, ¶ 9(b). As discussed above, since all that is necessary is one act in furtherance of the conspiracy to be committed in the district where the suit is brought, the requirements for proper venue have been met. Accordingly, Defendant's Motion to Dismiss of Lack of Venue regarding the conspiracy counts is hereby denied.

C.      Recommendation

I recommend Defendant's Motion to Dismiss for Lack of Venue be **DENIED**.

5

Due to the approaching trial date, any party who appears *pro se* and any counsel of record, as applicable, may, on or before **November 9, 2011**, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

 DATED: November 3, 2011

>/s/ James E. Seibert
>JAMES E. SEIBERT
>UNITED STATES MAGISTRATE JUDGE