IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       CRIMINAL NO.:  3:118-CR-54

BARTON JOSEPH ADAMS,

    Defendant.

MOTION TO QUASH

    Comes now Barton J. Adams, one of the defendants in the above-styled matter, by Stephen D. Herndon and Scott C. Brown, his counsel, and respectfully requests that this Court either deny the Petition for a Writ of Habeas Corpus ad Prosequendum[1] or, in the alternative, quash the same.

    The petition seeks the attendance of Dr. Barton Joseph Adams at the trial of Josephina Artillaga Adams, his wife and co-defendant, to testify on behalf of Josephina Artillaga Adams. Dr. Adams has repeatedly indicated that he desires to testify at his wife's trial and that his testimony would exonerate Josephina Artillaga Adams as it would tend to prove that she had no actual knowledge of the charged transactions.

    Any testimony provided by Dr. Barton Joseph Adams would tend to inculpate him in the charged conduct.  In this case, Dr. and Mrs. Adams are charged as co-conspirators and as accomplices in most, if not all, of the specific charged conduct.

    This Court found Dr. Adams not competent to communicate with or to cooperate with his counsel on June 16, 2011, by Order entered June 17, 2011. In the hearing, this Court further held that Dr. Barton Joseph Adams was not competent to waive his Fifth

---

[1] Counsel assumes that the Court will treat the matter as a Petition for a Writ of Habeas Corpus ad Testificandum and not as process seeking to prosecute Dr. Adams who has never been arraigned.

Amendment rights.  By implication, the ruling would also hold that Dr. Barton Joseph Adams is not competent to waive his Sixth Amendment rights to counsel.

In the event that the defendant is not competent to waive his Fifth Amendment rights against self-incrimination, his counsel assert the same. The Court should be aware that the position of Dr. Barton Joseph Adams is that he desires to testify on his wife's behalf.

The only authority that counsel can find addressing the matter is **United States v. Womack**, 542 F.2d 1047 (CTA9 1976). In that case, the Ninth Circuit suggested a procedure for resolving the issue of whether or not a person could subpoena a codefendant to testify where the codefendant had previously been declared incompetent to stand trial.

                                                      Respectfully submitted,
                                                     Barton J. Adams,
                                                     By counsel.

Prepared by:
/S/ Stephen D. Herndon
WV State Bar I.D. # 1692
76 Fifteenth Street
Wheeling, West Virginia 26003
304-232-6330

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the attached pleading on the parties by electronically transmitting the same to their respective counsel on this 4th day of November, 2011.

                                                  /s/Stephen D. Herndon