IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:11CR54-02

JOSEPHINE ARTILLAGA ADAMS,

    Defendant.

### DEFENDANT JOSEPHINE ARTILLAGA ADAMS'S RESPONSE TO CO-DEFENDANT'S MOTION TO QUASH

Comes now, Defendant, Josephine Artillaga Adams, by counsel, Brendan S. Leary, Assistant Federal Public Defender, and files this Response to the Co-Defendant's Motion to Quash. Mrs. Adams respectfully requests that this Honorable Court deny the motion.

In support thereof, Mrs. Adams relies on the following:

1.  On October 31, 2011, Mrs. Adams submitted her trial witness list. (See Docket number 51.)

2.  One of the witnesses that Mrs. Adams intends to call at trial is her husband and Co-Defendant, Dr. Barton Joseph Adams. Mrs. Adams has reason to believe, and proffers to this Honorable Court, that Dr. Adams desires to testify at trial and he will offer exculpatory testimony as to Mrs. Adams.

3.  On November 2, 2011, Mrs. Adams filed a Petition for a Writ of Habeas Corpus ad Prosequendum, (see Docket number 60), requesting the presence of Dr. Adams at Mrs. Adams trial, which is scheduled to begin on November 14, 2011[1].

---

[1] Mrs. Adams undersigned counsel acknowledges that the petition was incorrectly filed as a Petition for a Writ of Habeas Corpus ad Prosequendum. The petition should have been filed as a Petition for a Writ of Habeas Corpus ad Testificandum. Mrs. Adams filed the correctly-styled Petition on November 5, 2011. (See Docket number 71.)

4. On November 4, 2011, Dr. Adams counsel filed a Motion to Quash. (See Docket number 70.) In that motion, Dr. Adams's counsel admits that Dr. Adams has expressed a desire to testify and Dr. Adams's testimony "would exonerate Josephina [sic] Artillaga Adams as it would tend to prove that she had no actual knowledge of the charged transactions." (Mot. at 1.) Notwithstanding Dr. Adams desire to testify, his counsel assert that his testimony would "tend to inculpate him in the charged conduct." (Id.) Dr. Adams counsel further assert that by previous order of this Court in a related proceeding, (see Criminal Action Number 3:08CR77), Dr. Adams was declared incompetent to stand trial because he suffers from a severe mental disease or defect such that he cannot aid in his defense. As such, Dr. Adams is not competent to waive his Fifth Amendment privilege against self incrimination and he cannot waive his Sixth Amendment right to counsel.

5. Dr. Adams should be permitted to testify and the motion to Quash should be denied for the following reasons.

6. Whether Dr. Adams can aid in his defense is an entirely different issue from whether Dr. Adams is competent to testify as a witness. Likewise, whether Dr. Adams can aid in his defense is an entirely different issue from whether Dr. Adams is competent to make a knowing and voluntary waiver of his constitutional rights.

7. The issue as to whether Dr. Adams is competent to testify as a witness is governed by Rule 601 of the Federal Rules of Evidence. That rule presumes that "[e]very person is competent to be a witness." Fed. R. Evid. 601. Furthermore,

> Rule 601, which is the controlling guide in federal criminal courts on qualifications of witnesses, represents . . . the culmination of the modern trend which has converted questions of competency into questions of

> credibility while steadily moving towards a realization that judicial determination of the question of whether a witness should be heard at all should be abrogated in favor of hearing the testimony for what it is worth. As a consequence of this purpose of the Rule, Weinstein suggests that it is probably more accurate to say that [in determining questions under Rule 601], the Court will decide not competency but minimum credibility. Under this rule every witness is presumed to be competent. Neither feeble-mindedness not insanity renders a witness incompetent or disqualified. The only grounds for disqualifying a party as a witness under Rule 601 . . . are that the witness does not have knowledge of the matters about which he is to testify, that he does not have the capacity to recall, or that he does not understand the duty to testify truthfully.

United States v. Odom, 736 F.2d 104, 112 (4th Cir. 1984) (internal citations and quotations omitted). In light of the holding in Odom, Dr. Adams is a competent witness and he should be permitted to testify at Mrs. Adams trial.

9. Furthermore, the standard for whether Dr. Adams can knowingly waive his constitutional rights has little to do with whether he can aid in his defense. Indeed, "[w]aivers of constitutional rights not only must be voluntary, but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). In order for Dr. Adams to waive his constitutional rights against self incrimination and his right to counsel, this Court merely needs to be satisfied that he is making a voluntary, knowing, intelligent act. The Court can satisfy this requirement by questioning Dr. Adams under oath about his desire to testify and advising Dr. Adams of the consequences of his testimony. See Odom, 736 F.2d at 111 ("a district judge has great latitude in the procedure he may follow in determining the competency of a witness to testify").

10. In facts somewhat similar to the case at bar, the Ninth Circuit held that while a co-defendant was adjudged incompetent to stand trial, that determination did not necessarily mean that

the incompetent defendant was not competent to testify at the co-defendant's trial. See United States v. Womack, 542 F.2d 1047 1051-52 (9th Cir. 1976).

    11.    Just because Dr. Adams is not competent to the extent that he cannot aid in his defense, does not necessarily mean that he is unable to be a competent witness or that he his unable to knowingly, voluntarily, and intelligently waive his constitutional rights. Consequently, Dr. Adams should be permitted to testify at Mrs. Adams's trial.

WHEREFORE, Defendant, Josephine Artillaga Adams, respectfully requests that the Court deny the Do-Defendant's Motion to Quash.

Respectfully submitted,

**JOSEPHINE ARTILLAGA ADAMS**

By:    */s/ Brendan S. Leary*
        Brendan S. Leary
        WV State Bar No. 9077
        Attorney for Defendant
        Federal Public Defender Office
        1125 Chapline Street, Room 208
        Wheeling, WV 26003
        Tel. (304) 233-1217
        Email: Brendan_Leary@fd.org

## CERTIFICATION OF SERVICE

   I hereby certify that on November 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

William J. Ihlenfeld, II., Esquire
Michael D. Stein, Esquire
United States Attorney's Office
1125 Chapline Street, Suite 3000
Post Office Box 591
Wheeling, West Virginia 26003-0011
304-234-0100


Stephen D. Herndon, Esquire
76 Fifteenth Street
Wheeling, WV 26003
304-232-6330

Scott C. Brown, Esquire
1600 National Road
Wheeling, WV 26003
304-242-6001

*Counsel for Defendant Dr. Barton Joseph Adams*


By: */s/ Brendan S. Leary*
   Brendan S. Leary
   WV State Bar No. 9077
   Attorney for Defendant
   Federal Public Defender Office
   1125 Chapline Street, Room 208
   Wheeling, WV 26003
   Tel. (304) 233-1217
   Email: Brendan_Leary@fd.org