**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

   Plaintiff,

**v.**                                                      **Criminal Action No. 3:11-CR-54-02
                                                             (BAILEY)**

**JOSEPHINE ARTILLAGA ADAMS,**

   Defendant.

## <u>ORDER</u>

On November 7, 2011, the parties in the above-styled criminal case appeared before the Court for a Pretrial Conference.  The Government was present by United States Attorney for the Northern District of West Virginia, William J. Ihlenfeld, II, and Assistant United States Attorney Michael Stein.  Defendant Josephine Artillaga Adams was present in person and by Brendan S. Leary and Nicholas J. Compton.  Defendant Dr. Barton Adams was present by Stephen D. Herndon.

As an initial matter, the Court placed the interpreter in the proceeding under oath. Thereafter, the Court conducted an arraignment and initial appearance of Defendant Josephine Adams on the Superseding Indictment.  Following the arraignment and initial appearance, the Court considered various motions, exhibit lists, and witness lists.  The Court first addressed the witness lists [Docs. 50, 51, and 75].  Counsel for defendant Josephine Adams indicated that there were no objections to the Government's Witness List [Doc. 50].  In addition, the government stated that it had no objections to Defendant's

Witness List [Docs. 75 and 51].  Next, the Court addressed the exhibit lists [Docs. 49 and 52].  Counsel for Defendant Josephine Adams requested an extension of time to file objections to the Government's Exhibit List [Doc. 49].  The Court **GRANTED** an **extension of time to file objections to the exhibit lists** to 12:00 p.m. (noon) on Tuesday, November 8, 2011.  The government reiterated its objection to the defendant's exhibit titled "Transcript of Dr. Barton Joseph Adams' testimony at evidentiary hearing on Motion to Recuse Counsel, February 4, 2011." [*See* Doc. 52 at 1].  The Court further addressed this objection when it considered the Government's Motion for Leave to File Motion in Limine [Doc. 67] and Motion in Limine [Doc. 68].  The government also informed the Court that it intended to object to the "[t]hree letters written by Dr. Barton Joseph Adams and addressed to Josephine Artillaga Adams dated January 7, January 8, and January 10, 2011," [Doc. 52 at 1] on the grounds of hearsay during the trial.

The Court then addressed pending motions in the proceeding.  First, the Court **DENIED** defendant Josephine Adams' Petition for Writ of Habeas Corpus Ad Prosequendum **[Doc. 60]**.  Second, the Court considered defendant Josephine Adams' Petition for Writ of Habeas Corpus Ad Testificandum [Doc. 71], Dr. Barton Adams' Motion to Quash [Doc. 70], and the response in opposition [Doc. 72] and reply filed thereto [Doc. 74].  Counsel for defendant Dr. Barton Adams stated that he had reason to believe that Dr. Adams desired to testify at co-defendant's Josephine Adams' trial and that the evidence would likely exculpate Josephine Adams; however, counsel expressed concerns as to Dr. Barton Adams' ability to waive his Fifth Amendment rights while he has been declared incompetent to stand trial.  In addition to the Fifth Amendment concerns, the Court found

2

that, given Dr. Barton Adams' current status as incompetent to stand trial and inability to cooperate with his attorney, permitting Dr. Barton Adams to testify could potentially violate his Sixth Amendment Right to Counsel.  In addition to these constitutional concerns, the process of transporting Dr. Barton Adams to Wheeling for a hearing on his ability to testify would disrupt the process of determining whether or not the defendant can be restored to competency.  As such, the Court **DENIED** the **Petition for Writ of Habeas Corpus Ad Testificandum [Doc. 71]** and **GRANTED** the **Motion to Quash [Doc. 70]**.

Next, the Court addressed the Government's Motion for Leave to File Motion in Limine [Doc. 67] and the Motion for Limine [Doc. 68].  First, the Court **GRANTED** the government's **Motion for Leave to File Motion in Limine [Doc. 67]**.  Second, the Court addressed the Motion in Limine [Doc. 68].  The Court expressed its intent to permit some of the testimony from the February 4, 2011, hearing.  Counsel for defendant Josephine Adams informed the Court that it would provide portions of the transcript that it would like to read into the record at trial to the Court by the close of business on Monday, November 7, 2011.  The Court stated that it will provide a redacted copy of those portions of the transcript on Tuesday, November 8, 2011, in its ruling on the government's Motion in Limine.

Next, the Court addressed Defendant Josephine Adams' Motion in Limine to Preclude Any Reference to Co-Defendant's Competence [Doc. 73].  The government stated that it had no intent to refer to the incompetence of Dr. Barton Adams.  As such, the Court **GRANTED** Defendant Josephine Adams' **Motion in Limine to Preclude Any Reference to Co-Defendant's Competence [Doc. 73]**.

3

Next, the Court addressed Defendant Josephine Adams' Motion in Limine to Preclude Any Reference to Defendant's Alleged Residence in the Phillipines and Any Reference to Shipping Personal Items to the Phillipines [Doc. 76].  The government expressed its opposition to the motion, stating that no prejudice has been shown by the defendant and that it is directly relevant to the government's case in chief and rebuttal. As such, the Court **DENIED** defendant Josephine Adams' **Motion in Limine to Preclude Any Reference to Defendant's Alleged Residence in the Phillipines and Any Reference to Shipping Personal Items to the Phillipines [Doc. 76].**  Counsel for defendant Josephine Adams moved under Rule 106 that, out of the interest of completeness, all of the information from the website referenced in Exhibit 63 from the government's exhibit list [Doc. 49].  The Court **ORDERED** counsel for defendant Josephine Adams to provide the government with the portions of the website that they wish to have admitted at the same time as Exhibit 63 by the close of business on Wednesday, November 9, 2011.

Next, the Court considered Defendant Josephine Adams' Motion in Limine to Preclude Any Reference to Defendant's Sworn Answers that Were Provided During Plea Negotiations [Doc. 77].  The government stated that it agreed that such information could not be used as substantive evidence; however, the government argues that use of this information would be permissible under Rule 401 of the Federal Rules of Evidence. Counsel for defendant Josephine Adams argued that it should not be permitted for impeachment.  The Court **GRANTED** defendant Josephine Adams' **Motion in Limine to Preclude any Reference to Defendant's Sworn Answers that Were Provided During Plea Negotiations [Doc. 77] to the extent of use in the case in chief**.  The Court

4

reserved ruling as to whether it can be used in the cross examination.

Next, the Court considered the Government's Motion for Pre-Trial Disclosure of Rule 26.2 Material [Doc. 69].  The Court GRANTED the **Motion for Pre-Trial Disclosure of Rule 26.2 Material [Doc. 69]** to the extent that defense has a statement as defined in Rule 26.2(f); such disclosure must be made to the government by 12:00 p.m. (noon) on Thursday, November 10, 2011.

Next the Court addressed Defendant Josephine Adams' Notice of Expert Evidence of a Mental Condition [Doc. 65].  The government noted that it was aware of the defendant's notice.  As such, the Court moved on to Defendant's Motion to Dismiss Counts One and Two [Doc. 33], Motion to Dismiss Count Two [Doc. 30], and Motion to Dismiss for Lack of Venue [Doc. 32].  The Court noted that Magistrate Judge Seibert addressed these motions in Reports and Recommendations [Docs. 62 and 63] entered on November 3, 2011.  The Court reminded Defendant Josephine Adams that any objections to those Reports and Recommendations [Docs. 62 and 63] will be due by Wednesday, November 9, 2011; the Court will address these motions after the objections deadline.

Finally, the Court considered defendant Dr. Barton Adams' Motion to Quash Benjamin Bryant Subpoena [Doc. 78].  The parties addressed whether the attorney-client privilege or work product privilege may apply to Mr. Bryant's testimony.  Counsel agreed that, based upon the evidence sought, the testimony would not be subject to the attorney-client privilege, but disagreed as to whether the information constitutes work product.  The Court **informed** the parties that they could **provide** any **relevant case law** on this issue to the Court by the close of business on Tuesday, November 8, 2011.

After addressing the motions, the Court informed the parties that the trial in this case will begin with jury selection at 8:30 a.m. on Monday, November 14, 2011, in Wheeling, West Virginia.  The Court stated that it intends to seat two alternates in the trial.

There being no further business, the Court adjourned the matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** November 8, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

6