**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                    **Criminal Action No. 3:11-CR-54-02**
                                                                          **(BAILEY)**

**JOSEPHINE ARTILLAGA ADAMS,**

    Defendant.

## ORDER

On this day, the above-styled criminal action came before this Court upon consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 63]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on November 3, 2011 [Doc. 63]. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Dismiss Counts One and Two [Doc. 33] and Motion to Dismiss Count Two [Doc. 30]. [*See* Doc. 63 at 6].

Pursuant to 28 U.S.C. § 636 (b)(1)©, this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Seibert's R&R would typically be due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure; however, objections were due on or before November 9, 2011 because the trial in this case has been scheduled for November 14, 2011 [*See* Doc. 63 at 6].  The defendant timely filed her objections on November 9, 2011 [Doc. 93]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review.  The remaining portions of the R&R will be reviewed for clear error.

I.  Motion to Dismiss Counts One and Two

**Procedural History for Motion to Dismiss Counts One and Two**

On October 18, 2011, defendant, Josephine Adams', filed a Motion to Adopt Co-Defendant's Motion to Dismiss Counts One and Two [Doc. 33, moving to adopt Doc. 26]. In support of her motion, Ms. Adams adopts her co-defendant's reasoning that Counts One and Two of the Indictment "should be dismissed because it charges a single contemporaneous conspiracy as two separate conspiracies in violation of the Double Jeopardy Clause of the United States Constitution" [Doc. 33 at 1].  On October 28, 2011, the Government filed its Response to the Motion to Adopt Co-Defendant's Motion to Dismiss Counts One and Two [Doc. 47].  In its response, the Government states that the defendant "has urged the Court to apply the wrong test to determine whether the indictment

properly alleges two conspiracies or just one" [Doc. 47 at 1] and has "urge[d] the Court to impose the wrong remedy [*Id.* at 2].

On October 31, 2011, the magistrate judge held an evidentiary hearing on pre-trial motions. At this hearing, the magistrate judge addressed the Motion to Dismiss Counts One and Two [Doc. 33, which adopted co-defendant's motion under Doc. 26]. On November 3, 2011, Magistrate Judge Seibert entered an order granting defendant's motion to adopt co-defendant, Barton Joseph Adams', Motion to Dismiss Counts One and Two because it is unopposed [Doc. 63 at 3]. However, under the same order, he recommended that this Court deny the Motion to Dismiss Counts One and Two "because the double jeopardy clause does not mandate dismissal" [*Id.*].

**Applicable Law for Motion to Dismiss Counts One and Two**

Under the double jeopardy clause of the Fifth Amendment of the United States Constitution, no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Supreme Court of the United States has stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." ***Blockburger v. United States***, 284 U.S. 299, 304 (1932). The Fourth Circuit Court of Appeals ("Fourth Circuit") has identified this test as the appropriate test for cases involving "cumulative sentences for multiple convictions obtained at a single criminal trial." ***United States v. Ragins***, 840 F.2d 1184, 1188 (4th Cir. 1988).

However, the Fourth Circuit has "adopted a multi-pronged 'totality of the

circumstances' test to determine whether two successive conspiracy counts charge the 'same offense' within the meaning of the double jeopardy clause." *Id.,* citing *United States v. MacDougall*, 790 F.2d 1135, 1144 (4th Cir. 1986). Under this test, a court will consider five factors:

> (1) the time periods covered by the alleged conspiracies; (2) the places where the conspiracies are alleged to have occurred; (3) the persons charged as co-conspirators; (4) the overt acts alleged to have been committed in furtherance of the conspiracies, or any other descriptions of the offenses charge which indicate the nature and scope of the activities being prosecuted; and (5) the substantive statues alleged to have been violated.

*Id.* at 1188-89.

## Discussion on Motion to Dismiss Counts One and Two

### Defendant's Objection to the *Blockburger* Test

The defendant claims that "dividing a single conspiracy into two separately charged offenses" violates the double jeopardy clause [Doc. 26 at 3, *citing* **Braverman v. United States**, 317 U.S. 49 (1942); **United States v. Cole**, 293 F.3d 153 (4th Cir. 2002); **United States v. MacDougall**, 790 F.2d 1135, 1144 (4th Cir. 1986); **United States v. Lurz**, 666 F.2d 69 (4th Cir. 1981)]. The defendant also cites to **Braverman** to state that "[a] single agreement to violate several substantive statutes constitutes one crime" [Doc. 26 at 3, *citing* **Braverman**, 317 U.S. at 54]. The defendant argues that the cross reference in Count Two to one of the paragraphs in Count One will make the defendant believe that the second count includes the conspiracy in the first count [Doc. 26 at 2]. The defendant further supports her argument that the two separate alleged conspiracies should be categorized as one conspiracy by stating that some of the overt acts alleged in the conspiracy under Count One are identical to some of the over acts alleged in the

4

conspiracy under Count Two [*Id.* at 3].

The Government notes that all of these decisions pertain to "successive" conspiracy cases and are not relevant to the defendant's case [Doc. 47 at 1, n.1]. The Government states that the proper test "for determining whether two offenses are the 'same' is the ***Blockburger*** test" [*Id.* at 2]. The magistrate judge reaches the same conclusion in his R&R and finds that Count One and Count Two each require proof of a fact not required by the other count [*See* Doc. 63 at 5].

The defendant filed an objection to this conclusion on November 9, 2011 [Doc. 98]. The defendant argues that the Court should use the "totality of the circumstances" test [*Id.* at 2], stating that the Fourth Circuit has expressed an interest to use this test "when determining whether two conspiracy counts violate the double jeopardy clause" [*Id.*]. However, the Fourth Circuit expressly stated that the "totality of the circumstances" test should be used "to determine whether two *successive* conspiracy counts charge the 'same offense' within the meaning of the double jeopardy clause." ***Ragins***, 840 F.2d at 1188 (emphasis added). Because this case does not address successive conspiracy charges, the totality of the circumstances test under ***Ragins*** is not applicable. *See **Ragins***, 840 F.2d at 1188 (stating that the ***Blockburger*** test is the appropriate test in this type of case). Under the ***Blockburger*** test, the counts do not violate the double jeopardy clause because each count requires proof of a fact that the other one does not. Count One requires proof that an investigation was impeded, and Count Two requires proof that a judicial proceeding was impeded; therefore, this Court **OVERRULES** the defendant's objection.

5

**Conclusion on Motion to Dismiss Counts One and Two**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 63]** as it pertains to the recommendation that this Court deny the defendant's Motion to Dismiss Counts One and Two [Doc. 33] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DENIES** the defendant's **Motion to Dismiss Counts One and Two [Doc. 33]**.

II. Motion to Dismiss Count Two

**Procedural History for Motion to Dismiss Count Two**

On October 18, 2011, defendant, Josephine Adams', filed a Motion to Dismiss Count Two [Doc. 29]. In support of her motion, Ms. Adams states that Count Two "fail[s] to allege activity that obstructed a pending judicial proceeding under 18 U.S.C. § 1503(a)" [Doc. 30 at 1]. The Government filed its response on October 28, 2011 [Doc. 46]. In its response, the Government states that "the indictment properly alleges an offense" and the defendant has not demonstrated "why it makes sense to nullify a judicial proceeding initiated by the filing of a complaint when the follow up indictment is filed [Doc. 46 at 1]

On October 31, 2011, the magistrate judge held an evidentiary hearing on pre-trial motions. At this hearing, the magistrate judge addressed the Motion to Dismiss Count Two [Doc. 30]. On November 3, 2011, Magistrate Judge Seibert entered a Report and Recommendation that this Court deny the Motion to Dismiss Count Two "because the superseding indictment renders her argument as to paragraphs two through five of Count Two moot [and] . . . the double jeopardy clause does not mandate its dismissal" [*Id.*].

Although the defendant filed an objection to the magistrate judge's R&R [Doc. 63], the defendant's filing did not contain any objections to the magistrate judge's recommendation pertaining to the Motion to Dismiss Count Two [Doc. 30]. *See* Doc. 98. As such, this Court will review these portions of the R&R for clear error.

**Conclusion on Motion to Dismiss Count Two**

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 63]** as it pertains to the recommendation that this Court deny the defendant's Motion to Dismiss Count Two should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DENIES** the defendant's **Motion to Dismiss Count Two [Doc. 30]**.

III. Magistrate Judge's Report and Recommendation

**Overall Conclusion**

For the foregoing reasons, this Court hereby **ADOPTS** the magistrate judge's Report and Recommendation **[Doc. 63]** and **DENIES** the defendant's **Motion to Dismiss Counts One and Two [Doc. 33]** and **Motion to Dismiss Count Two [Doc. 30]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** November 10, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE