**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**UNITED STATES OF AMERICA,**

**v.**                                                   **Criminal Action No. 3:11CR54-02**

**JOSEPHINE ARTILLAGA ADAMS,**

      **Defendant.**

**DEFENDANT JOSEPHINE ARTILLAGA ADAMS'S MOTION FOR ACQUITTAL,**
**OR IN THE ALTERNATIVE, A NEW TRIAL**

Comes now, Defendant, Josephine Artillaga Adams, by counsel, Brendan S. Leary, Assistant Federal Public Defender, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and files this Motion for Acquittal on all counts, or in the alternative, for a New Trial.

In support of her Motion, Mrs. Adams states as follows:

1.     The trial in this case took place on November 14 - 17, 2011 in Wheeling, West Virginia, before this Honorable Court.  The jury returned guilty verdicts on all sixteen counts of the superseding indictment.  (See Docket No. 118).   After the guilty verdicts were returned, this Court ordered that any post-trial motions were due by December 19, 2011.  Id.

2.     Mrs. Adams predicates this motion for acquittal, or in the alternative, a new trial, on a recent Supreme Court case, Global-Tech Appliances Inc. v. SEB S.A., 131 S.Ct. 2060 (2011), and the analysis therein of the "willful blindness" or "deliberate ignorance" jury instructions, such as the one in which the District Court issued to the jury in this case. (See Docket No. 119).

3.     Pursuant to Global-Tech, willful blindness jury instructions should include the following two requirements: (1) that the defendant subjectively believed that there was a high probability that a certain fact existed; and (2) that the defendant took *active efforts or actions* to

avoid learning the fact.  Id. at 2070.  "Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts."  Id. at 2070-2071.  The "subjective belief" in a "high probability" that a fact existed surpasses any negligence standard, i.e., that the defendant reasonably "should have known" of wrongdoing, but did not, and even surpasses recklessness, i.e., that the defendant ignored an unjustified and substantial risk of wrongdoing.  Id.

4.      While Global-Tech is a civil case, it sets the standard for willful blindness in criminal cases, as noted by the dissent: "The Court appears to endorse the willful blindness doctrine here for all criminal cases involving knowledge," and the majority did not disagree.  Id. at 2073 (Kennedy, J., dissenting).  Moreover, throughout the Global-Tech case, the Supreme Court discusses the doctrine of willful blindness and notes that it "is well established in criminal law."  Id. at 2068. Because the willful blindness doctrine is well established in criminal cases, its use in the patent infringement case is endorsed by the Supreme Court.  Thus, the Supreme Court applies it to a patent infringement case.  Even though Global-Tech is a civil case, the elements of the willful blindness test is adopted by the Supreme Court and it governs the willful blindness instruction that was given here.

5.      The jury instruction on willful blindness given in this case reads as follows:

A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge.  Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.

In determining whether the defendant was "willfully blind," you should not find the defendant guilty if all the evidence proves is mistake or even careless disregard.  However, you may conclude that the intent element has been proven if the evidence shows that the defendant deliberately and purposely closed her eyes to avoid knowing what was taking place around her.

(See Jury Instructions at 20-21; Docket No. 119).

6.      This instruction fails to meet the standard set in Global-Tech for key reasons.  First, the instruction given in Mrs. Adams's case does not refer to Mrs. Adams's "subjective belief" in a "high probability" that a fact exists, nor does not refer to "active efforts" or "actions" taken by Mrs. Adams to avoid learning the fact.  Second, the language of this instruction suggests a weaker standard for willful blindness, referencing "clos[ing] her eyes" instead of an affirmative "action" or "effort" as directed by Global-Tech.

7.      The instruction given at Mrs. Adams's trial implies that no affirmative action was required on her part and that recklessness was sufficient to establish her guilt for the offenses charged.  In demanding only that Mrs. Adams closed her eyes to the risk that her husband committed criminal acts, the jury instruction here did not require active efforts by her to avoid knowing about her husband's activities.  There is no evidence in the record from trial to support a conclusion that Mrs. Adams took any action or effort to avoid any such fact.

8.      Under Rule 29(a) of the Federal Rules of Criminal Procedure, "after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

9.      A guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the Government, it is supported by 'substantial evidence,' which is evidence that a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (internal quotation marks omitted).  In this inquiry, the court should "consider both circumstantial and direct evidence, and allow the government all reasonable inferences that could

3

be drawn in its favor." Id.

10.     Throughout the Government's case in chief, and even during the Government's rebuttal case, there was no evidence adduced where a reasonable juror could conclude that Mrs. Adams subjectively believed that there was a high probability that a certain fact existed, i.e., that her husband and Co-Defendant, Dr. Barton Joseph Adams was engaged in health care fraud and money laundering.  Moreover, there was no evidence adduced where a reasonable juror could conclude that Mrs. Adams took active efforts or actions to avoid learning these facts, i.e., that Dr. Adams was engaged in health care fraud and money laundering.  The best way the Court can remedy this fundamental error is to acquit Mrs. Adams of the convictions against her, or in the alternative, to grant her a new trial, in which a new jury can hear the proper jury instructions upon which to determine her culpability for these offenses.  Upon the close of all the evidence, the Court should instruct the jury on willful blindness as set forth above.

11.     Mrs. Adams was a pawn of her husband in any activity in which she may have engaged.  There was no evidence that Mrs. Adams turned a blind eye to what her husband was doing.  As a matter of law, insufficient evidence was presented at trial to find Mrs. Adams guilty of the offenses of conviction here.

WHEREFORE, Defendant, Josephine Artillaga Adams, for the reasons set forth herein, respectfully requests that this Honorable Court grant Defendant's Motion for Acquittal, or in the alternative, for a New Trial.

Respectfully submitted,

**JOSEPHINE ARTILLAGA ADAMS**
By Counsel

4

By:     /s/ Brendan S. Leary
        Brendan S. Leary
        WV State Bar No. 9077
        Attorney for Defendant
        Federal Public Defender Office
        1125 Chapline Street, Room 208
        Wheeling, WV 26003
        Tel. (304) 233-1217
        Email: Brendan_Leary@fd.org

## CERTIFICATION OF SERVICE

I hereby certify that on December 19, 2011, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the following:

William J. Ihlenfeld, II., Esquire
Michael D. Stein, Esquire
United States Attorney's Office
1125 Chapline Street, Suite 3000
Post Office Box 591
Wheeling, West Virginia 26003-0011
304-234-0100

Stephen D. Herndon, Esquire
76 Fifteenth Street
Wheeling, WV 26003
304-232-1639

Scott C. Brown, Esquire
1600 National Road
Wheeling, WV 26003
304-242-6001

*Counsel for Defendant Barton Joseph Adams*

By:     */s/ Brendan S. Leary*
        Brendan S. Leary
        WV State Bar No. 9077
        Attorney for Defendant
        Federal Public Defender Office
        1125 Chapline Street, Room 208
        Wheeling, WV 26003
        Tel. (304) 233-1217
        Fax. (304) 233-1242
        Email: Brendan_Leary@fd.org