IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Criminal Action No. 3:11-CR-54-02
                                                    (BAILEY)

JOSEPHINE ARTILLAGA ADAMS,

    Defendant.

### ORDER

On this day, the above-styled criminal action came before this Court upon consideration of the defendant's Motion for Acquittal or in the Alternative, a New Trial [Doc.133], filed on December 19, 2011. In support of the motion, counsel for Ms. Adams states that the "willful blindness" jury instruction in this case was deficient [*Id.* at 3]. The Government filed its Opposition to Motion for Acquittal [Doc. 136] on December 29, 2011. In support of its opposition, the Government states that the case upon which the defendant relies is not relevant to a criminal willful blindness standard [*Id.* at 2]. The Government further states that, even if the criminal willful blindness standard were impacted by the case to which the defendant refers, the willful blindness jury instruction in this proceeding met that standard [*Id.* at 4].

### I. Applicable Law

Under Rule 29 of the Federal Rules of Criminal Procedure, a party may move for a judgment of acquittal. *See* FED. R. CRIM. P. 29. Under Rule 33 of the Federal Rules of

1

Criminal Procedure, a defendant may move for a new trial. *See* FED. R. CRIM. P. 33. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." *Id.* at (a).

Willful blindness is a doctrine that has been applied in criminal cases throughout the various circuit courts of appeals. *See* **Global-Tech Appliances, Inc. v. SEB S.A.**, 131 S.Ct. 2060, 2070 (2011). In 2011, the Supreme Court of the United States ("Supreme Court") addressed the concept of willful blindness in a civil patent infringement case. *Id.* Before addressing the application of the willful blindness doctrine to the civil context, the Supreme Court analyzed how the doctrine of willful blindness has been addressed by the circuit courts of appeal. *Id.* at 2070. The Supreme Court determined that each circuit has two basic requirements for the application of the doctrine: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id.* at 2070.[1] The Supreme Court stated that, under these requirements, "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070-71 (citing G. Williams, Criminal Law § 57, p.159 (2d ed. 1961)).

---

[1] The Supreme Court quoted the following language from a Fourth Circuit Court of Appeals ("Fourth Circuit") decision as illustrating these two basic requirements: "[t]he willful blindness instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him." *See* **Global-Tech** at 2070, n.9, quoting **United States v. Schnabel**, 939 F.2d 197, 203 (4th Cir. 1991).

## II. *Global-Tech* Analysis

The defendant argues that the willful blindness test adopted by the Supreme Court in the civil case ***Global-Tech*** also governs willful blindness instructions given in criminal proceedings [Doc. 133 at 2]. As such, the defendant argues that the "willful blindness" or "deliberate ignorance" jury instruction in this proceeding was deficient because the instruction did not address both requirements identified by the Supreme Court [*Id.* at 1]. The Government argues that ***Global-Tech*** does not alter the willful blindness standard applicable in criminal proceedings, but merely exports the doctrine to the civil arena [Doc. 136 at 2]. Without actually ruling on whether ***Global-Tech*** is applicable to criminal cases, this Court will analyze the parties' arguments through the two willful blindness jury instruction requirements identified in that case.

### A. Subjective Belief of a High Probability That a Fact Exists

The first requirement identified by the Supreme Court is that the defendant has a subjective belief of a high probability that a fact exists. The defendant argues that the jury instruction on willful blindness was deficient because it did not address her "subjective belief" [Doc. 133 at 3]. The Government states that the Supreme Court specifically cited the Fourth Circuit's formulation of the willful blindness standard with approval [Doc. 136 at 2]. The Supreme Court cited the following Fourth Circuit language when stating that each circuit had the same two requirements: "The willful blindness instruction allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him." ***Global-Tech***, 131 S.Ct. at 2071. The Government argues that the jury instruction on willful

blindness mirrors this language quoted by the Supreme Court and, therefore, is sufficient [Doc. 136 at 3].

The jury instruction on willful blindness in this proceeding was the following:

> A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact.
> In determining whether the defendant was "willfully blind," you should not find the defendant guilty if all the evidence proves is mistake or even careless disregard. However, you may conclude that the intent element has been proven if the evidence shows that the defendant deliberately and purposely closed her eyes to avoid knowing what was taking place around her.

[Doc. 119 at 20-21]. This language closely matches that cited by the Supreme Court in *Global-Tech*. However, even if one were to assume that the Supreme Court's citation was not with approval, this language meets the "subjective belief of a high probability that a fact exists" requirement. The phrase "conscious purpose to avoid enlightenment" implies that the defendant had the subjective belief that what he or she was attempting to avoid knowing was true. Furthermore, the phrase "deliberately and purposely closed her eyes to avoid knowing what was taking place around her" also implies that the defendant took the step of closing her eyes to avoid knowing something that she believed to be true. As such, this Court finds that the willful blindness jury instruction in this proceeding met the first requirement discussed by the Supreme Court in *Global-Tech*.

B. Deliberate Actions to Avoid Learning That Fact

The second requirement identified by the Supreme Court is that the defendant take deliberate actions to avoid learning the fact to which the defendant has a subjective belief of a high probability that it exists. The defendant argues that the jury instruction on willful

4

blindness was deficient because it did not address any active efforts to avoid learning the facts that the defendant subjectively believed to be true [Doc. 133 at 3]. The defendant also argues that the language used in the jury instruction on the willful blindness issue implies that recklessness is sufficient to establish the defendant's guilt and that active efforts were not required by the defendant [*Id.*]. The defendant further argues that the jury instruction on willful blindness was deficient because the phrase "clos[ing] her eyes" suggests a weaker standard than affirmative actions or efforts [*Id.* at 3]. As previously discussed, the Government argues that the Supreme Court specifically cited the Fourth Circuit's formulation of the willful blindness standard with approval [Doc. 136 at 2]. The Government further argues that the deliberate and purposeful act of closing one's eyes is indeed an affirmative act [*Id.* at 4].

      The jury instruction provided in this proceeding referred to the defendant "deliberately and purposely clos[ing] her eyes." As such, the defendant's argument that the phrase "clos[ing] her eyes" suggests a weaker standard than affirmative actions or efforts fails because that phrase is modified by the adverbs "deliberately" and "purposely." Closing one's eyes deliberately and purposely is an affirmative act. Furthermore, the instruction specifically states that "mistake or even careless disregard" is not a sufficient basis for a finding of willful blindness. Therefore, defendant's arguments that the willful blindness jury instruction in this proceeding implied that affirmative actions were not required or that recklessness was sufficient both fail. Accordingly, this Court finds that the willful blindness jury instruction in this proceeding met the second **Global-Tech** requirement discussed by the Supreme Court. Because the willful blindness jury instruction in this proceeding fulfills the two **Global-Tech** requirements, the defendant's arguments that the instruction was

deficient under that standard, should it indeed apply, fail and cannot serve as the basis for an acquittal or a new trial.

### III.  Other Arguments

The Government argues the defendant's willful blindness argument should also fail because the defendant had actual knowledge, making the willful blindness jury instruction moot [Doc. 136 at 1-2].  In support of this argument, the Government notes the following evidence:  (1) Lily Jacob's testimony that Barton Adams discussed the health care fraud investigation in the defendant's presence; (2) FBI agents Bradford May's and Thomas Flosnik's testimony regarding the traumatic circumstances surrounding Barton Adams's arrests, thereby compelling the inference that Dr. and Mrs. Adams discussed the reason for the arrests; (3) Barton Adams's willingness to inform the defendant that he was being investigated for the sexual harassment of a patient, thereby compelling the inference that Barton Adams would have been willing to discuss the health care fraud investigation with the defendant [*Id.*].

Although this Court does not contemplate how the jury weighed the evidence in this proceeding, it does note that the jury found that there was evidence of (1) deliberate ignorance, (2) actual knowledge, or (3) a combination of both on the part of the defendant.  To the extent that the jury might have found only deliberate ignorance, the previous section of this Order finds that the willful blindness jury instruction was not deficient.  To the extent that the jury might have found only actual knowledge, both this and the previous section are moot.  However, to the extent that the jury might have found a combination of actual knowledge and deliberate ignorance, this Court notes that the willful blindness jury

instruction was still appropriate.  See **Schnabel**, 939 F.2d at 204,[2] referring to **United States v. Perez-Padilla**, 846 F.2d 1182, 1183 (9th Cir. 1988).

### IV. Conclusion

For the foregoing reasons, this Court **ORDERS** that the defendant's Motion for Acquittal or in the Alternative, A New Trial [**Doc. 133**] be **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:**  January 11, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]"[W]hen there is evidence of *both* actual knowledge and deliberate ignorance, . . . a willful blindness instruction is appropriate." **Schnabel**, 939 F.2d at 204.